UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COREY SULLIVAN,

    Plaintiff,

v.

JEFF MACOMBER, et al.,

    Defendants.

No. 2:16-cv-0526 DB P

ORDER

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 4.)

**I.    Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## IV. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a state inmate housed at California State Prison, Sacramento ("CSP-Sac") in Represa, California and later at Folsom State Prison ("FSP")

in Folsom, California. He names as defendants CSP Correctional Officers ("CO") Alex Pizarro, Chad Darling, and Sherman Camp; CSP Sgt. Chris Haring; CSP Warden Jeff Macomber; CSP Education Principal Dr. Homad; and CSP College Coordinator Dr. Evamarie Casperite. He also names FSP Lt. C. Martincek and CO John Doe.

Plaintiff's allegations may be fairly summarized as follows:

On September 24, 2015, an incident on the CSP recreation yard involved what plaintiff describes as an unprovoked assault on a Black inmate by CO Chad Darling. As a result of this unprovoked assault and the threatening conduct of CO Darling, CO Pizarro, CO Camp and Sgt. Haring, a melee ensued involving several inmates and correctional staff. In a falsified Rule Violation Report ("RVR") charging plaintiff with Battery on a Peace Officer, CO Pizarro accused plaintiff of hitting CO Darling. Plaintiff denies that this occurred, claiming that the video surveillance cameras will show that he simply stood up, looked around, and then returned to a crouched position; at no time did he make any contact with CO Darling.

At the November 3, 2015, hearing on the RVR, Lt. Martincek served as the hearing officer. Despite plaintiff's protestations, Lt. Martincek ignored the video evidence and rendered a guilty verdict. Plaintiff was assessed 150 days credit forfeiture, 90 days loss of appliances, and 10 days loss of yard. He was also counseled, reprimanded, and referred for segregated housing.

Plaintiff filed an inmate grievance to have the RVR and related guilty verdict dismissed. Warden Macomber reviewed the appeal at the Second Level of Review. Following an interview with plaintiff and CO Pizarro and a review of the video surveillance, plaintiff's guilty verdict was upheld.

Plaintiff suffered a number of consequences as a result of this guilty finding. For example, on September 24, 2015, Defendant CO John Doe approached plaintiff aggressively and said, "So you are one of the assholes that think they can put their hands on us, huh!?" Plaintiff denied any involvement in the incident, to which this CO said, "Yeah, ok we will see." Plaintiff felt anxious and in fear of retaliation.

Between September 29, 2015, and November 10, 2015, plaintiff was housed at FSP where two signs were placed outside of his cell door, the first reading "Staff Assault Inmate" and the

3

second reading "Red Light." Numerous COs read these signs and looked into plaintiff's cell, causing plaintiff to feel intimidated.

In addition, plaintiff was removed from his educational college program, causing him to miss his midterms and final exams. He claims that his removal from these programs had no relationship to the incident and is a form of discrimination by Dr. Homad and Dr. Evamarie Casperite.

As a result of this falsified charge and the related consequences, plaintiff has suffered extreme emotional distress, severe headaches, contemplation of suicide, and loss of appetite.

Plaintiff brings suit under the Eighth and Fourteenth Amendments. He also asserts state law claims for, inter alia, negligence. He seeks compensatory and punitive damages.

**V.     Discussion**

 **A.     Due Process**

  **1.     Falsified Charges**

The gravamen of plaintiff's complaint is that he was falsely charged by CO Pizarro, resulting in a guilty verdict and a number of related consequences.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself, or from an expectation or interest created by prison regulations. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such liberty interests are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The claim that plaintiff's due process rights were violated by CO Pizarro's falsified charge fails and must be dismissed. Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997)

(prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner's claims based on allegedly false charges do not state a constitutional claim); Brown v. CMC, (C.D. Cal. May 18, 2010) ("allegations of a fabricated RVR, alone, do not support a cognizable due process claim").

### 2. RVR Hearing

Relatedly, plaintiff brings a due process claim against Lt. Martincek for failing to properly investigate the video evidence that plaintiff contends establishes his innocence.

"Prisoners are entitled to certain due process protections when subject to disciplinary sanctions." Brown v. Or. Dep't of Corr., 751 F.3d 983, 987 (9th Cir. 2014) (citing Wolff v. McDonnell, 94 S. Ct. 2963, 2978-82 (1974)). However, Due Process protections will not attach in all disciplinary proceedings. "These procedural protections ... only apply when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Keel v. Dovey, 459 F. Supp. 2d 946, 952 (C.D. Cal. 2006) (quoting Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995), and citing Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)); see Brown, 751 F.3d at 987.

Even if sufficient interests are at stake, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed. Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 94 S. Ct. at 2975 (citations omitted).

As another district court explained,

> the Supreme Court has held that, in the context of prison disciplinary hearings, due process requires only certain procedural safeguards: (1) the inmate should receive "advance written notice of the claimed violation" so the inmate can marshal the facts and prepare a defense; (2) "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare" for the hearing; (3) the inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to

> institutional safety or correctional goals"; (4) "[w]here an illiterate inmate is involved, ... or [where] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," the inmate should be given assistance at the hearing; and (5) the inmate should receive "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action taken." Wolff, 418 U.S. at 563–70, 94 S. Ct. at 2978–82 (internal quotation marks omitted). Additionally, inmates are entitled to a fair and impartial decision-maker at disciplinary hearings, see Edwards v. Balisok, 117 S. Ct. 1584, 1588 (1997) ("The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence."), and "the requirements of due process are satisfied if some evidence supports the [disciplinary] decision." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L.Ed. 2d 356 (1985); Burnsworth v. Gunderson, 179 F.3d 771, 773 (9th Cir. 1999)....

Gauthier v. Dexter, 573 F. Supp. 2d 1282, 1287-88 (C.D. Cal. 2008).

Plaintiff here does not claim he was not provided advance notice, a time to prepare for the hearing, or the opportunity to call witnesses or present documentary evidence. He also does not claim that he was illiterate or that he did not receive a written statement as to the evidence relied on. The attachments to the complaint establish that these were clearly satisfied. Plaintiff's only claim appears to be based on Lt. Martincek's decision to credit CO Pizarro's RVR as evidence of plaintiff's guilt. There is no due process violation on these facts, and thus plaintiff's claim against Lt. Martincek must also be dismissed.

### 3. Inmate Appeals Process

Plaintiff next claims that Warden Macomber failed to properly investigate his claims of innocence. But a defendant's actions in responding to plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers

no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10. Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

### 4. Threats

Plaintiff may be asserting a claim against CO John Doe whose comments can be interpreted as a threat. Plaintiff is informed that verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, plaintiff fails to state a claim based on verbal harassment or threats.

### B. Fourteenth Amendment Discrimination

Plaintiff also brings a discrimination claim against Dr. Homad and Dr. Casperite for his removal from the educational college program.

The Equal Protection Clause broadly requires the government to treat similarly situated people equally. Hartman v. California Dep't of Corr. and Rehabilitation, 707 F.3d 1114, 1123 (9th Cir. 2013). To state an equal protection claim, typically a plaintiff must allege that "'defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class,'" such as a particular race or religion. Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (internal quotation marks and citation omitted) (emphasis in original); see also Byrd v. Maricopa Cnty. Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (to state an equal protection claim, plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent").

Where the governmental classification does not involve a suspect or protected class, or impinge upon a fundamental right, the classification will not "'run afoul of the Equal Protection

Clause if there is a rational relationship between disparity of treatment and some legitimate governmental purpose.'" Nurre v. Whitehead, 580 F.3d 1067, 1098 (9th Cir. 2009) (quoting Cent. State Univ. v. Am. Ass'n of Univ. Professors, 119 S. Ct. 1162, 1163 (1999)).

Here, plaintiff does not claim membership in a protected class and does not assert any facts that would suggest intentional or purposeful discrimination. Accordingly, his claim against these defendants fails.

### C.     Claims on Behalf of Other Inmates

To the extent plaintiff brings suit against any defendant for conduct related to the assault on the Black inmate on the recreation yard, plaintiff lacks standing to pursue the constitutional rights of other inmates. Plaintiff may only challenge the alleged violations of his own constitutional rights. See e.g., Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) ("an inmate cannot bring a denial-of-access claim on behalf of another inmate who is able to bring such a claim in his or her own name"); Reynoldson v. Shillinger, 907 F.2d 124, 125 (10th Cir. 1990) ("to the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissable for failure to allege the plaintiff's standing to proceed" (citation omitted)); Newsom v. Norris, 888 F.2d 371, 381 (6th Cir. 1989) ("a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and, absent a request for class certification, lacks standing to assert the constitutional rights of other prisoners"); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir. 1981) ("[A]n inmate does not have standing to sue on behalf of his fellow prisoners. Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." (Citations omitted.)).

### D.     State Law Claims

Lastly, plaintiff asserts state law claims against the defendants. In the absence of a cognizable federal claim, however, the court will not exercise supplemental jurisdiction over any state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for

resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989). Plaintiff may amend his state law claims, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805.

**VI. Conclusion**

Based on the foregoing, the court finds that plaintiff fails to state a claim against defendant. Plaintiff will, however, be granted leave to amend. If plaintiff files a first amended complaint, it must state what defendant did that led to the deprivation of his constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 19, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB;
DB/Inbox/Routine/sull0526.scrn