UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COREY SULLIVAN,

        Plaintiff,

v.

JEFF MACOMBER, et al.,

        Defendants.

No. 2:16-cv-0526 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner at California State Prison – Sacramento ("CSP-Sacramento") proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 302. For the reasons listed herein, the undersigned will recommend that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

On March 11, 2016, plaintiff filed the original complaint in this action. (ECF No. 1). The complaint alleged that on September 24, 2015, a prison fight broke out which ended in plaintiff being accused by defendant Pizarro of striking defendant Darling[1] and plaintiff being found guilty

---
[1] Unless otherwise stated, all defendants identified herein are correctional officers at CSP-Sacramento.

1

of the assault. This led to plaintiff losing some of his privileges and being intimidated by defendants and other unnamed prison staff. As a result, plaintiff's complaint raised the following claims: (1) that plaintiff had been falsely charged in a Rules Violation Report ("RVR") by defendant Pizarro; (2) that in the subsequent RVR hearing, defendant Martineck, a lieutenant, failed to properly investigate exculpatory video evidence; (3) that the warden, defendant Macomber, failed to properly investigate his claims of innocence on appeal; (4) that defendants verbally threatened and intimidated him in violation of his Eighth Amendment rights; (5) that other inmates were also intimidated by prison officials, and (6) that as a disciplinary measure, defendant Homad, the "principal" of CSP-Sacramento, and defendant Casperite, the college coordinator at the prison, improperly removed him from his college programming. (See ECF No. 1 at 4-15).

On October 19, 2017, the court screened all of plaintiff's claims and determined that none of them had merit. (See ECF No. 12). As a result, plaintiff was given the opportunity to amend his complaint. (See id.).

Plaintiff filed his first amended complaint ("FAC") on November 13, 2017. (ECF No. 13). The FAC, which accused some of the same defendants from the original complaint as well as additional ones, alleged the following: (1) that his rights to liberty and property under the Fifth and Fourteenth Amendments were violated when he was removed from his college courses and placed in administrative segregation because of the altercation; (2) that defendants demonstrated deliberate indifference and inflicted cruel and unusual punishment when they falsified charges against him, which, in turn led to him to being placed in administrative segregation and to experiencing emotional distress and physical ailments; (3) that his rights under the Equal Protection Clause were violated when he was removed from college programming but other defendants similarly situated were not, and (4) that his procedural due process rights were violated because the proceedings that led to his placement in administrative segregation and to the denial of prison amenities were unlawful. (See generally id. at 1-8).

////

////

After screening the FAC, on January 9, 2019, the undersigned again found that each of plaintiff's claims were without merit and dismissed them with leave to amend. (See ECF No. 15 at 14). Plaintiff was given thirty days within which to do so. (See id.)

On February 6, 2019, plaintiff requested a thirty-day extension of time to file his second amended complaint ("SAC") which was granted. (See ECF Nos. 16, 17). On February 14, 2019, plaintiff's SAC was filed. (ECF No. 18). The SAC raises three claims: (1) that several defendants "defrauded the Constitution of the United States" when they falsified documents and made false statements about the fight that had occurred on September 24, 2015; (2) that the named defendants exacted cruel and unusual punishment on him in violation of the Eighth Amendment when they harassed, abused, and intimidated plaintiff and made false statements on government documents in order to punish him, and (3) that the named defendants failed to protect him from this cruel and unusual punishment and demonstrated deliberate indifference when they presented falsified documents. (See generally id. at 3-6).

**II.   DISCUSSION**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A review of all three complaints filed in this matter show that plaintiff's SAC is simply an attempted recrafting of some of the claims raised in plaintiff's original complaint and in his FAC. (Compare ECF No. 18, with ECF Nos. 1, 13).

At the core of plaintiff's SAC is the claim that defendants falsified documents in violation of his constitutional rights and that this, in turn, led to other violations of his constitutional rights. Plaintiff's SAC does not identify the documents and/or evidence that was falsified. The only event plaintiff references in the SAC (see generally ECF No. 18 at 3-6), is the altercation that occurred on September 24, 2015. Therefore, the court presumes that the falsified items are the RVR defendant Pizzaro filed against plaintiff after that incident and the statements defendants made about the incident. This is because the original complaint identifies these items as having been falsified. (See ECF No. 1 at 6-10). The original complaint also raises the same claims that

the SAC does of deliberate indifference and cruel and unusual punishment on the parts of defendant Martineck and others with respect to plaintiff's personal security and mental health. (Compare ECF No. 1 at 11-12, with ECF No. 18 at 4-5).

With respect to the falsified RVR, in its dismissal of plaintiff's original complaint, the court clearly stated that the claim was without merit because prisoners have no constitutional right to be free from wrongfully issued disciplinary reports. (See ECF No. 12 at 4-5 (citing Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) aff'd without opinion, 168 F.3d 498 (9th Cir. 1999), and Sprouse v. Babcock, 870 F.2d 450, 452 (9th Cir. 1989)) (additional citation omitted)). Further, plaintiff claims in the SAC that defendants' presentation of falsified documents demonstrated deliberate indifference towards him and constituted cruel and unusual punishment. Plaintiff argues this led to threats and intimidation which affected his personal security and mental health. The court previously determined that threats do not rise to the level of a constitutional violation. (See ECF No. 12 at 7). Moreover, plaintiff does not allege in the SAC that he has ever been physically harmed as result of defendants' actions. (See generally ECF No. 18).

Given that all the claims in both the original complaint and the FAC have been determined to be without merit, plaintiff's SAC, which simply recrafts arguments in the original complaint and the FAC, is without merit as well. Despite being provided with the relevant pleading and legal standards, plaintiff has been unable to cure the deficiencies of his complaint by amendment. Therefore, further leave to amend is not warranted in this action. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). As a result, the court will recommend that it be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that this action be DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/sull0526.dup.ac.f&r